**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KAREN TATUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CV-1219 RWS |
| ) | |
| NORTH AMERICA CENTRAL SCHOOL ) | |
| BUS LLC and LIUNA LOCAL 773, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Karen Tatum for leave to commence this civil action without payment of the required filing fee. [ECF No. 2]. Having reviewed the motion, the Court finds that it should be granted. Additionally, for the reasons discussed below, the Court will direct plaintiff to file an amended complaint within twenty-one (21) days of the date of this Memorandum and Order. Plaintiff's motion for counsel will be denied at this time.

**Legal Standard**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing

1

court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint and Charge of Discrimination**

Plaintiff is a self-represented litigant who brings this action against her former employer, North American Central School Bus and her union, Laborers' International Union of North America (LIUNA) Local 773. Plaintiff has filed her complaint on a court-provided form as well

2

as a typed attachment to her court-provided form titled, "Discrimination in Employment" complaint form. In the "Discrimination in Employment" complaint form, plaintiff names the following as additional defendants: (1) Regina Brooks (Safety Supervisor); (2) Felicisa Olsom (Contractor Manager); (3) Jeff Sherman (District Manager); (4) Dione Joyner (Human Resource District Manager); (5) Keith Lane (Human Resource District Manager); (6) Rek Janil Woods (Field Representative, LIUNA Local); and (7) Diedra Chatman (Dispatcher).

Plaintiff sues defendants under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e, *et seq*., the Age Discrimination in Employment Act of 1967, (ADEA), 29 U.S.C. §§ 621, *et seq.*, the Americans with Disabilities Act of 1990, (ADA), 42 U.S.C. §§ 12101, *et seq.,* the Rehabilitation Act of 1973 (Rehab Act), 29 U.S.C. §§ 701, *et seq*., and under Missouri state law breach of contract. Plaintiff also appears to allege a breach of the collective bargaining agreement, allegations under 42 U.S.C. § 1983 and claims brought pursuant to 18 U.S.C. § 241.[1]

Plaintiff filed the instant action on September 27, 2023. Plaintiff's form complaint lacks a "Statement of Claim." However, she lists the following disjointed statements under the "Statement of Claim" section of her form complaint:

- work place discrimination
- failure to make a reasonable accommodation
- failure to recognize a medical condition
- wrongful termination and/or layoff
- hostile work environment created civil rights violations – Title VII of Civil Rights Act of 1964
- relief: Order NACSB, ICSB, MCSB LLC to let plaintiff come back to her job as standby monitor #1 clock in time 5 a.m. clock back in 12:45 p.m.
- order all plaintiff back pay & any & all benefits she lost or was denied & pay up union dues too & fees
- order NACSB to stop committing discriminatory acts against plaintiff

---

[1]Plaintiff identifies that she is suing under 42 U.S.C. § 1983 and 18 U.S.C. § 241 in her separate "Discrimination in Employment" typewritten complaint which is attached to her form complaint.

3

- order employer to honor plaintiff dr. notes, disability, & treat her according to the law
- order employer to follow federal & state laws in employment esp ADA
- order compensation for emotional distress, humiliation, damages it deems proper
- order LIUNA Local 773 to be held accountable for not bargaining collectively for plaintiff
- pay attorney fees

Because the complaint lacks a cohesive "Statement of Claim," it is difficult to discern exactly what plaintiff's claims are and the grounds upon which they rest. For example, although plaintiff's Charge of Discrimination, which is attached to her form complaint and "Discrimination in Employment" complaint form, states that she was employed by North American Central School Bus, LLC, from August 17, 2022, until approximately March 37, 2023, as a standby monitor/aide for special needs students, there is nowhere in the complaint that states the same.

Similarly, plaintiff has failed to articulate which defendants she is bringing her various claims for relief against. In other words, is plaintiff suing only defendants x and y under Title VII, and is she suing only defendants a and b under the ADA? Further, under the ADA, is plaintiff suing defendants a and b for disability discrimination or only for failure to accommodate her disability? Moreover, plaintiff has completely failed to articulate in her complaint exactly what her alleged disability is, and under what grounds she believes she has suffered discrimination under Title VII.[2]

---

[2]The Court notes that plaintiff has not indicated in her Charge of Discrimination that she was discriminated against based on her race, color, sex, religion or her national origin. And any claims within her complaint must be like or reasonably related to the claims within her Charge of Discrimination. *See Duncan v. Delta Consolidated Indus., Inc.,* 371 F.3d 1020, 1024 (8th Cir. 2004).

For these reasons, plaintiff will be given instructions on amending her complaint.

## Discussion

Having thoroughly reviewed and liberally construed plaintiff's complaint, the Court finds that it is subject to dismissal as currently written. However, in consideration of plaintiff's self-represented status, the Court will allow her to file an amended complaint.

### A. Failure to State a Claim

First, as noted *supra*, plaintiff's complaint lacks a cogent "Statement of Claim." Although she has listed her claims and defendants on separate sheets of paper, plaintiff has failed to provide the Court with a comprehensive narrative of her claims for relief. Plaintiff must follow Rules 8 and 10 of the Federal Rules of Civil Procedure in preparing her amended complaint. Her self-represented status does not excuse her from following the Federal Rules of Civil Procedure or the Local Rules of this Court. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996).

Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise, and direct. Rule 8(a)(2) sets forth a "notice pleading standard" and simply requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

Rule 10(b) requires plaintiff to state her claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Each count shall then set forth in separate, numbered paragraphs: 1) the relevant facts supporting the claim; 2) the constitutional,

statutory, or other right that defendant violated; and 3) the relief plaintiff seeks for the claim (for example, money damages or equitable relief). Plaintiff shall follow the same format with respect to each claim. In stating the facts of a claim, plaintiff must describe the conduct she alleges is unlawful and the date(s) such conduct occurred, if known. In other words, plaintiff must describe the adverse employment action(s) she believes was taken, when it was taken, why it amounted to discrimination or other unlawful conduct, and the basis for such discrimination or unlawful conduct, that is, race, religion, color, disability, etc. As noted above, if she believes she was discriminated against based on specific statutes and provisions within each statute, she must articulate those provisions.

Second, the Court notes that plaintiff has included claims of hostile work environment/harassment, retaliation, wrongful termination and discrimination in the terms/conditions of her employment within her complaint. The Court is unable to ascertain, however, if these claims should be included in her Title VII claims, ADEA claims, ADA claims, or some combination of the aforementioned. Plaintiff may, of course, plead alternative theories for relief. In other words, if she wishes to plead retaliation under Title VII, the ADA and the ADEA, she may do so. However, she must make this clear in her amended complaint. Plaintiff's claims, however, must also match the claims within her Charge of Discrimination.

Third, the Court notes that plaintiff claims that she is suing for deprivation of rights under 18 U.S.C. § 242 and under 42 U.S.C. § 1983; however, these claims fail to state a claim for relief in this action. Title 18 section 242 does not provide a jurisdictional basis under which plaintiff may sue, because it does not permit a private right of action. In other words, § 242 allows for prosecution by the United States not by its individual citizens. *See U.S. v. Wadena*, 152 F.3d 831,

846 (8th Cir. 1998) ("Courts have repeatedly held that there is no private right of action under [18 U.S.C.] § 241, even though the statute allows federal authorities to pursue criminal charges"); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (stating that only a United States prosecutor can bring a complaint under 18 U.S.C. §§ 241-242, and that the "statutes do not give rise to a civil action for damages"); *Brown v. Express Scripts*, 2018 WL 1295482, at *2 (E.D. Mo. 2018) (dismissing plaintiff's claim brought under 18 U.S.C. § 242 because plaintiff had no private right of action). Thus, the instant action fails to state a claim as it is brought pursuant to a criminal statute.

Similarly, plaintiff may not sue defendants in this lawsuit under 42 U.S.C. § 1983 because to state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). Regarding the first element, a defendant can only be held liable pursuant to § 1983 for actions taken under color of state law. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008). *See also Magee v. Trustees of Hamline Univ., Minn.*, 747 F.3d 532, 535 (8th Cir. 2014) (stating that § 1983 "imposes liability for certain actions taken under color of law that deprive a person of a right secured by the Constitution and laws of the United States"); *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties); and *Montano v. Hedgepeth*, 120 F.3d 844, 848 (8th Cir. 1997) (stating that pursuant to § 1983, "the challenged conduct must have been committed by one who acts under color of law"). There is no indication in this action that the defendants were state actors or acting under color of state law. As such, they cannot be sued under § 1983.

7

Last, plaintiff should be aware that she cannot sue individual defendants under either Title VII, the ADA or the ADEA. Thus, to the extent that she wishes to sue individuals under those statutes in her amended complaint, those claims will be subject to dismissal.

The Eighth Circuit has squarely held that individuals, including supervisors, coworkers and managers, may not be held individually liable under Title VII. *Bonomolo-Hagen v. Clay Central-Everly Community School District*, 121 F.3d 446, 447 (8th Cir. 1997) (citing *Spencer v. Ripley County State Bank*, 123 F.3d 690, 691-92 (8th Cir. 1997) (*per curiam*)); and *Bales v. Wal-Mart Stores Inc.*, 143 F.3d 1103, 1111 (8th Cir. 1998).

Similarly, there is no individual liability for co-workers or supervisors under the ADA, only employers. *See Walsh v. Nevada Dept. of Human Resources*, 471 F.3d 1033, 1037-38 (9th Cir. 2006) (collecting cases). *See also Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999). This Court has repeatedly held that individuals are not liable under the ADA. *See, e.g.*, *Ebersole v. Novo Nordisk, Inc.*, 2011 WL 6115655, at *1 (E.D. Mo. Dec. 8, 2011); *McCann v. New World Pasta Co.*, 2010 WL 4180717 (E.D. Mo. Oct. 20, 2010); *Donnelly v. St. John's Mercy Medical Center*, 2008 WL 2699859 (E.D. Mo. June 30, 2008); and *Stevenson v. Best Buy Corp.*, 2005 WL 3434770 (E.D. Mo. Dec. 14, 2005).

Although the Eighth Circuit Court of Appeals has not explicitly decided whether individuals are "employers" that can be held liable under the ADEA, the statute and caselaw are persuasive in this respect. The ADEA makes it "unlawful for an employer…to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). Persons aged forty and over are protected by the ADEA. 29 U.S.C. § 631. The ADEA

8

defines an employer as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year… [and] any agent of such person." 29 U.S.C. § 630(b).

Because the Eighth Circuit has determined that Title VII and the ADEA define "employer" in a "substantially identical manner," *Lenhardt v. Basic Institute of Technology, Inc.*, 55 F.3d 377, 380 (8th Cir. 1995), the Eighth Circuit would likely conclude that individual liability cannot be imposed under the ADEA. *See Stevenson v. Brod Dugan Paint and Wall Coverings*, 934 F. Supp. 1131, 1133 (E.D. Mo. 1996) ("although the Eighth Circuit has yet to definitely state that…individual liability cannot be imposed under…the ADEA, its holdings [in other cases] clearly indicate that such a holding will ultimately be made").

In addition to *Stevenson*, other district courts within the Eighth Circuit have determined that co-workers and supervisors cannot be held personally liable under the ADEA. *See, e.g.*, *Lyons-Belisle v. American Wholesale Florists of Kansas City, Inc.*, 2016 WL 4443186, at *3 (W.D. Mo. Aug. 19, 2016); *Bartunek v. eFrame, LLC*, 2016 WL 5854215, at *1 (D. Neb. Oct. 6, 2016); *Smith v. Bankers Life and Cas. Co.*, 519 F. Supp. 2d 964, 967 (S.D. Iowa 2007); *Wortham v. American Family Ins. Co.*, 2002 WL 31128057, at *4 (N.D. Iowa Sept. 17, 2002) ("While the Eighth Circuit has not explicitly decided the issue, relevant case law strongly suggests that it would conclude that there is no individual liability under the ADEA"); and *Kelleher v. Aerospace Community Credit Union*, 927 F. Supp. 361, 363 (E.D. Mo. 1996) ("[T]he Court reaffirms its previous decisions that individuals cannot be held liable under the ADEA").

Other circuit courts of appeals have reached similar conclusions regarding individual liability under the ADEA. *See, e.g.*, *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 686 (5th Cir.

9

2001); *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996); *Csoka v. U.S. Government*, 1996 WL 467654, at *5 (7th Cir. 1996) ("The ADEA, like Title VII, does not authorize individual liability claims"); *Smith v. Lomax*, 45 F.3d 402, 403 n. 4 (11th Cir. 1995); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510 (4th Cir. 1994); and *Miller v. Maxwell's Int'l*, 991 F.2d 583, 587 (9th Cir. 1993) (stating that "[i]f Congress decided to protect small entities with limited resources from liability, it is inconceivable that Congress intended to allow civil liability to run against individual employees").[3]

### B. Instructions to Amend

Because plaintiff is proceeding as a self-represented litigant, she will be allowed to file an amended complaint, according to the following instructions.

Plaintiff is advised that the claims she brings before this Court must be like or reasonably related to the claims outlined in her administrative charge or they will be subject to dismissal for failure to exhaust administrative remedies. The amended complaint will replace the original complaint. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on a court-provided employment discrimination form, and she must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10.

---

[3] Plaintiff has not indicated whether she is attempting to sue LIUNA Local 773 under Title VII, the ADA or the ADEA. To sue the union under one of these statutes, she would have had to first filed a Charge of Discrimination against the union (not just the North American Central School Bus, LLC) at the EEOC, and then obtained a Right to Sue. Plaintiff has not provided a Right to Sue against the union. Rather, the Right to Sue attached to the complaint appears to name only the North American Central School Bus, LLC.

In the "Caption" section of the complaint form, plaintiff should write the name of the person(s) she intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to her claim. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 10 requires plaintiff to state her claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

If plaintiff wishes to assert claims under race, age, or disability discrimination, she must state what her race, age, and disability are, and then carefully describe the adverse employment action(s) she believes was taken and why it amounted to discrimination. She must also file copies of her administrative charge and her EEOC right-to-sue letter as attachments to her amended complaint.

The Clerk of Court will be directed to provide plaintiff with an employment discrimination complaint form. Plaintiff will be given twenty-one (21) days to file an amended complaint along with the required documents. Upon receipt of the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915(e).

## Motion for Appointment of Counsel

Plaintiff has filed a motion to appoint counsel. [ECF No. 3]. In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court

11

is "convinced that an indigent plaintiff has stated a non-frivolous claim… and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. Plaintiff has yet to file a complaint that survives initial review, so it cannot be said that plaintiff has presented non-frivolous claims. Additionally, this case appears to involve straightforward factual and legal issues, and there is no indication that plaintiff cannot investigate the facts and present her claims to the Court. The Court will entertain future motions for appointment of counsel, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED** at this time.

**IT IS FURTHER ORDERED** that plaintiff shall amend her complaint, on a court-provided form, and submit a copy of her EEOC right to sue letter and charge of discrimination, within **twenty-one (21) days** of the date of this Order in compliance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide plaintiff a copy of a blank Employment Discrimination Complaint form.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 19th day of December, 2023.

                                                  RODNEY W. SIPPEL
                                                  UNITED STATES DISTRICT JUDGE