# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KAREN TATUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CV-1219 RWS |
| ) | |
| NORTH AMERICAN CENTRAL, ) | |
| SCHOOL BUS LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's motion for appointment of counsel. Plaintiff also seeks an extension of time to amend her complaint until such time as she obtains counsel. After considering the motions and the pleadings, plaintiff's motion for appointment of counsel, and for extension of time to obtain counsel prior to amending her pleading, will be denied, without prejudice.

In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that she can adequately present her claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. To the extent necessary, the Court will entertain future motions for appointment of counsel as the case progresses.

As for plaintiff's request for an extension of time to file her amended complaint until such time as she obtains counsel, the Court will deny her request. Plaintiff was given explicit instructions on amending her complaint in the Court's December 19, 2023 Memorandum and Order. She was instructed to use the form complaint to make it easier for her to amend her pleading. Thus, at this time, counsel is unnecessary. As such, the Court will deny plaintiff's request for extension at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 7] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to amend her pleading until she has obtained counsel [ECF No. 8] is **DENIED at this time.**

Dated this 30th day of January, 2024.

                                                                   
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE