**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| KAREN TATUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-1219 RWS |
| | ) | |
| NORTH AMERICA CENTRAL SCHOOL | ) | |
| BUS LLC and LIUNA LOCAL 773, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of plaintiff Karen Tatum's amended complaint.

[ECF No. 19]. Also before the Court are plaintiff's second motions to proceed in forma pauperis

and for appointment of counsel. [ECF Nos. 20 and 21]. Because plaintiff was granted leave to

proceed in forma pauperis on December 18, 2023, *see* ECF No. 4, the Court will deny plaintiff's

second motion to proceed in forma pauperis as moot. [ECF No. 21]. The Court will deny plaintiff's

motion for appointment of counsel, without prejudice. [ECF No. 20]. Additionally, the Court will

strike several exhibits which were appended to plaintiff's amended complaint and filed as

supplements to her amended complaint because the Court does not accept discovery documents.

The Court will issue process, however, on plaintiff's claims against defendant North America

Central School Bus, LLC.

**Legal Standard**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma

pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To

state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere

1

possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

Plaintiff is a self-represented litigant who filed this action on September 27, 2023, against her former employer, North American Central School Bus, LLC, (hereinafter referred to as NACSB) and her union, Laborers' International Union of North America (LIUNA) Local 773.[1] [ECF No. 1]. In her original complaint, plaintiff brought claims against defendant NACSB pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e, *et seq.,* the Age Discrimination in Employment Act of 1967, (ADEA), 29 U.S.C. §§ 621, *et seq.,* the Americans with Disabilities Act of 1990, (ADA), 42 U.S.C. §§ 12101, *et seq.,* the Rehabilitation Act of 1973 (Rehab Act), 29 U.S.C. §§ 701, *et seq.,* and under Missouri state law for breach of contract. Plaintiff also brought claims for what appeared to be a breach of the collective bargaining agreement against LIUNA, as well as allegations under 42 U.S.C. § 1983 and claims under 18 U.S.C. § 242.

In her original complaint, plaintiff complained that she had been subjected to disability discrimination and a failure to accommodate her disability, exposed to a hostile work environment and wrongfully terminated from her employment. She further asserted that she was subjected to a breach of the collective bargaining agreement by LIUNA. However, because there were several problems with plaintiff's initial complaint, the Court ordered plaintiff to file an amended complaint on a Court-provided form within twenty-one (21) days of December 19, 2023. [ECF No. 5].

First, because plaintiff's initial complaint lacked a "Statement of Claim," and as she had so many claims in her complaint against a plethora of defendants, it was difficult to discern exactly

---

[1]In her original complaint, plaintiff also named as defendants several supervisors, including: Regina Brooker, Felicia Olsom, Jeff Sherman, Dione Joyner, Keith Lane, Rek Janil Woods and Diedra Chatman.

what plaintiff's claims were and the grounds upon which they rested. Similarly, because she named several defendants in her complaint, she needed to separate which claims in her complaint were brought against each of the particular defendants. Moreover, several of her allegations failed to state a claim for relief. For example, plaintiff claimed she had been subjected to disability discrimination and a failure to accommodate her disability, but she had failed to properly allege that she suffered from a recognized disability under the ADA. Additionally, although she asserted that she was bringing a discrimination claim under Title VII, plaintiff had failed to articulate the basis for such claim in her initial complaint. Moreover, plaintiff named several supervisors as defendants in her initial complaint. The Court explained in its December 19, 2023 Memorandum and Order that under Title VII, the ADA, the ADEA, the Rehabilitation Act and the MHRA, supervisors could not be considered "employers" such that they could be held individually liable under these employment discrimination statutes. Furthermore, plaintiff attempted to bring claims against defendants under both 42 U.S.C. § 1983 and a criminal statute, 18 U.S.C. § 242. Neither statute allowed for plaintiff to sustain a claim against defendants. Last, plaintiff was reminded that if she intended to bring employment law claims against LIUNA, she would have first had to exhaust those claims before the Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

### The Amended Complaint

After seeking and being granted an extension of time to file her amended complaint, plaintiff filed the amended pleading on January 30, 2024. [ECF No. 19]. On that same date, plaintiff filed her second motion to proceed in forma pauperis, as well as a second motion for appointment of counsel. [ECF Nos. 20 and 21]. On February 9, 2024, plaintiff filed supplemental

4

exhibits to be included with her amended complaint. This Court will strike the supplemental exhibits from the Court record.[2] [ECF No. 23].

Plaintiff's amended pleading, along with supplements and exhibits, number one-hundred-seventy-seven (177) pages. [ECF No. 19]. Submission of such a lengthy document is in direct contravention to the Court's instructions in its December 19, 2023 Memorandum and Order in which plaintiff was instructed to amend her complaint on a Court-provided form. Although plaintiff has, in part, utilized the Court form, she has also submitted **more than one-hundred-fifty (150) pages of discovery as a supplement to her pleading.** As noted above, the Court does not allow submission of discovery materials. *See* Local Rule 3.02(A). To that end, the Court will instruct the Clerk to strike these documents from the record and return to plaintiff the exhibits attached to the amended pleading designated as ECF No. 19-3, 19-4 and 19-5.

Plaintiff alleges claims under the ADEA, the ADA and the Missouri Human Rights Act in her amended complaint against defendant NACSB. With respect to her claims against NACSB, plaintiff asserts that the terms and conditions of her employment differed from those of similarly situated employees, wrongful termination of her employment, retaliation, failure to accommodate her disability and harassment/hostile work environment. Plaintiff also appears to allege a breach of the collective bargaining agreement against NACSB under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

---

[2]The documents in this exhibit appear to be "Incident Reports" filed against plaintiff, pictures taken on a school bus, copies of text messages and copies of "clock-ins." These exhibits will be stricken from the Court record because the Court does not accept discovery. *See* Local Rule 3.02(A) ("In civil actions, discovery and disclosure materials pursuant to Fed.R.Civ.P.26, 30, 21, 22, 24, 35 and 36, and the certificates of their service, shall not be filed with the Court except as exhibits to a motion or memorandum."). The Clerk will be instructed to return these documents to plaintiff.

Plaintiff claims that when she was hired in August of 2022, when she was approximately sixty (60) years old, as a Special Education (SPED) Route Standby Monitor/Aide. She states that she reported to NACSB that she was disabled at the time of her hiring. She claims that NACSB knew she had degenerative disc disease and moderate high blood pressure. However, at the time of her hiring, she nevertheless passed the medical exam and drug test to be hired as a school bus monitor, although she has had a disabled placard since the year 2000. Plaintiff states that her disability affects the major life activities of walking, breathing and working and she uses a cane as needed. Despite these limitations she purportedly "demonstrated for 5.5 months she could and did the functions of monitor/aide with or without an accommodation." Plaintiff claims that she never missed a day of work, had no incidents and she was never late. She states that she picked the second bid route sheet for Standby Monitor later when a younger monitor quit the position in September of 2022.

In January and February of 2022, plaintiff claims that she "wrote up" two unsafe routes which she was "not trained" to go on and on which she was experiencing chest pains. Plaintiff states that they were non-SPED routes, or for children without special needs. After this time, plaintiff claims that she began to suffer retaliation from NACSB due to her age and disability. She claims that she requested in writing not to be placed on non-SPED routes because these routes differed significantly than the SPED routes. Purportedly they required plaintiff to monitor 65-72 passengers with "45-50 undiscipline[d] students" without an individualized education plan or special need. Plaintiff indicates that she "feared for her safety" on these routes because on such routes the buses were "trashed," and often had rolling objects on the floors.

Although her amended complaint is far from clear, it appears that she is complaining that after she complained about her assignment to non-SPED routes, she was given biased work assignments, meaning less desirable assignments. She claims that she had seniority in SPED routes, but that dispatcher Diedre Chatman would assign younger monitors to what used to be plaintiff's SPED route, including her sister-in-law, rather than plaintiff. Plaintiff states that she submitted "write-ups" regarding these issues during this time period, although she does not indicate if the "write-ups" went to NACSB or to LIUNA or to both entities. When plaintiff was then not given the SPED-routes based on her seniority, it appears she was given non-SPED routes.

Plaintiff believes her assignment to non-SPED routes was done because she had earlier complained of "unsafe working conditions." However, she complains that her assignment to non-SPED routes was a denial of her accommodations, as well as discrimination based on her disability and age. Plaintiff also believes that it was harassment and retaliation for her prior complaints.

Plaintiff indicates that at some point it became clear that NACSB, especially through Chatman, was saving unsafe routes she was not trained on, for her. She claims that she also began being given harsh work assignments like "saving a SPED route" with 3 wheelchair hookups because the extra Standby Monitors could not hookup a wheelchair. Plaintiff believes that this treatment not only was in violation of her ADA rights and in retaliation but also in violation of the union handbook.

Plaintiff purports that she complained again in February of 2023 that she was still being assigned to non-SPED routes she "was not trained on" such as routes 1010 and 1031. She asserts that she was told to resign or go to a different base for a regular SPED route. Plaintiff thought the

7

transfer would be more dangerous and was not in accommodation with her seniority or within the qualifications of her job.

Eventually there was a disagreement between plaintiff and NACSB regarding a medical issue and plaintiff's ability to return to work in March of 2023. Plaintiff claims that she was able to return to work, and she asserts that despite this fact, she was wrongfully discharged on or about March 27, 2023.

## Discussion

As plaintiff has attached her Charge of Discrimination and Right to Sue to the amended complaint in this action, the Court will issue process on plaintiff's amended complaint as to defendant NACSB in accordance with 28 U.S.C. § 1915. The Court will deny, however, plaintiff's motion for appointment of counsel, at this time.

## Plaintiff's Motion for Appointment of Counsel

Plaintiff has filed a motion to appoint counsel. [ECF No. 20]. In civil cases, a self represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim… and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." Patterson v. Kelley, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting

8

testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail,* 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. As defendant NACSB has not yet filed an answer to the amended complaint and discovery has not yet commenced, the Court does not believe that appointment of counsel is yet necessary. Additionally, this case appears to involve straightforward factual and legal issues, and there is no indication that plaintiff cannot investigate the facts and present her claims to the Court. The Court will entertain future motions for appointment of counsel, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's second motion to proceed in forma pauperis in this action [ECF No. 21] is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 20] is **DENIED at this time**.

**IT IS FURTHER ORDERED** that the Clerk shall **STRIKE** plaintiff's supplemental documents [ECF No. 23] from the Court record and return these documents to plaintiff. The Court does not accept discovery documents from parties.

**IT IS FURTHER ORDERED** that the Clerk shall **STRIKE** Exhibits 19-4, 19-5 and pp. 7-54 of 19-3, *see* ECF No. 19, from the Court record and return these documents to plaintiff. The Court does not accept discovery documents from parties.

**IT IS FURTHER ORDERED** that the Clerk shall remove any mention of LIUNA Local 773 from the docket sheet in this matter as this entity is not a defendant in this action.

**IT IS FURTHER ORDERED** because plaintiff is proceeding in forma pauperis in this action, the Clerk shall issue process, or cause process to issue upon the amended complaint as to defendant North American Central School Bus, who is doing business as Illinois Central School Bus, at its registered agent: C.T. Corporation System, 120 South Central Ave., Clayton, Missouri, 63105.

Dated this 3rd day of May, 2024.


RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE