UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KAREN TATUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:23 CV 1219 RWS |
| | ) |
| NORTH AMERICA CENTRAL SCHOOL BUS LLC, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on several recent filings by pro se plaintiff Karen Tatum. ECF 50, 51, 52, 53. In these filings, Tatum complains that she does not understand the Federal Rules of Civil Procedure and continues to insist that she has a right to reply to defendant's answer. ECF 50. As previously explained numerous times, she does not. She also continues to file discovery materials despite being repeatedly told not to. Pages 3-12 of ECF 50 are hereby stricken from the record as improperly filed discovery materials and will be returned to Tatum by the Clerk with this Memorandum and Order.

In her "motion for discovery and get review setup," Tatum asks me to order a meeting between plaintiff and defense counsel to discuss discovery. I have already done this – back in August when I ordered the parties to meet pursuant to Fed. R. Civ. P. 16 and 26(f). ECF 43. I do not participate in the initial conference

between the parties, and it is incumbent upon the parties, not me, to schedule a time and place for the meeting. For this reason, Tatum's "motion for request to meet with judge" is denied. ECF 52.

Moreover, the parties are not required or expected to exchange discovery at this initial meeting. Instead, they are expected to agree to a schedule by which discovery will proceed. After the parties file the joint proposed scheduling plan, I will review it and enter a case management order which sets out deadlines for this case. Then, and only then, may the parties conduct discovery. Tatum's motion for discovery and subpoena is accordingly denied. ECF 53.

**Karen Tatum is obligated under this Court's August 19, 2024, Memorandum and Order to talk to defense counsel about a schedule for this case.** ECF 43. That Memorandum and Order is straightforward and tells the parties exactly what they need to do to comply with Fed. R. Civ. P. 16 and 26(f). ECF 43. **Tatum is required to do this instead of filing motions about discovery with the Court, and her continued refusal to do so is a violation of this Court's August 19, 2024, Memorandum and Order.**

Defendant filed its own version of a proposed scheduling plan because Tatum did not answer defense counsel's phone call and provided a telephone number that did not have voicemail along with an invalid email address. ECF 49. Tatum must provide a valid telephone number and an active email address to both

2

defense counsel and the Court, and her failure to do so is a violation of her pro se obligations under this Court's Local Rules. Tatum may not simply appear at defense counsel's office unannounced and demand a meeting in lieu of returning phone calls and emails and then claim that she has complied with the Court's August 19, 2024, Memorandum and Order to meet and confer about a schedule. Similarly, defense counsel must promptly respond to any phone calls or emails from Tatum.

To afford the parties one last opportunity to abide by the Court's August 19, 2024, Memorandum and Order, I will extend the deadline for filing a joint proposed scheduling plan to October 4, 2024. **Tatum must talk to defense counsel prior to that date about proposed discovery deadlines as set out in my August 19, 2024, Memorandum and Order.** ECF 43. If Tatum fails to participate in the conference with counsel as required, I will issue an Order to Show Cause why Tatum's complaint should not be dismissed for failure to comply with the rules of this Court and the Federal Rules of Civil Procedure. **Therefore, it is imperative that Karen Tatum talk to defense counsel about a discovery schedule as instructed.**

As for Tatum's motion for pro bono neutral, I will deny the motion without prejudice at this time as prematurely filed, given that the parties have not yet discussed the possibility of mediating this case and I have not yet ordered

3

mediation. However, if the parties agree that mediation would be productive in this case, then they should so indicate in their joint proposed scheduling plan. If mediation is ordered, Tatum may refile her motion for pro bono neutral at that time.

Finally, Tatum's latest motion for appointment of counsel [54] is denied without prejudice for the same reasons the previous motion was denied. ECF 48. Tatum does not need Court permission to contact lawyers about taking her case, and she should continue her efforts to obtain legal counsel on her own.

Accordingly,

**IT IS HEREBY ORDERED** that Karen Tatum's motions [50, 53] are denied, and her motions for pro bono neutral [51] and appointment of counsel [54] are denied without prejudice.

**IT IS FURTHER ORDERED** that pages 3-12 of ECF 50 are hereby stricken from the record as improperly filed discovery materials and should be returned to Karen Tatum by the Clerk of the Court with this Memorandum and Order.

**IT IS FURTHER ORDERED** that the parties shall file their joint proposed scheduling plan in accordance with this Court's August 19, 2024, Memorandum and Order **on or before October 4, 2024**. Defense counsel shall notify the Court in writing on that same date if Karen Tatum refuses to participate in the scheduling

conference as ordered by the Court in its August 19, 2024 Memorandum and Order.

**If Karen Tatum does not discuss discovery deadlines with defense counsel, I will issue an Order to Show Cause why her case should not be dismissed for failure to comply with the Court's August 19, 2024, Memorandum and Order.**

                                                RODNEY W. SIPPEL
                                                UNITED STATES DISTRICT JUDGE

Dated this 25th day of September, 2024.

5