UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KAREN TATUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:23 CV 1219 RWS |
| ) | |
| NORTH AMERICA CENTRAL ) | |
| SCHOOL BUS LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the latest round of filings by pro se plaintiff Karen Tatum. ECF 59. Tatum continues to insist that she does not have to follow Federal Rule of Civil Procedure 26(f). *See* ECF 59 ("I am against I'm supposed to just talk to attorney and that's my conference. I will await Court to send me the times and dates I supposed to meet or be here.").

In addition to the Memorandum and Order I sent out on August 19, 2024, ECF 43, the Federal Rules of Civil Procedure also impose upon the parties the obligation to confer with each other without Court involvement about a proposed discovery schedule for this case. Fed. R. Civ. P. 26(f) provides in relevant part as follows:

(f) **Conference of the Parties**; Planning for Discovery

> (1) Conference Timing: **The parties must confer as soon as practicable** – and in any event at least 21 days before a scheduling order is due under Rule 16(b).
>
> (2) Conference Content: **Parties' Responsibilities**.  In conferring, the parties must consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case.  **The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan.**

Fed. R. Civ. P. 26(f) (cleaned up).  Rule 26(f) requires the parties, including unrepresented parties such as Tatum, to confer with each other, not me, about a proposed schedule for this case, which is then submitted to the Court for review. Tatum is not exempt from this requirement simply because she is representing herself, and her "objections" to following the Federal Rules of Civil Procedure are overruled.  **Tatum cannot continue communicating with defendant by filing endless memoranda with the Court**.  **Instead, she must communicate with defendant directly through defense counsel only.**

If Tatum refuses to communicate with defense counsel by email or phone, then she must promptly send and respond to written communication by mail.[1] **Tatum is the plaintiff in this case, and the burden of prosecuting her claims rests on her, not defendant**.  Therefore, her failure to timely meet her obligations

---

[1] Local Rule 3.04 obligates parties to confer in person or by telephone prior to filing any discovery motion, and communication by mail is not sufficient to satisfy this requirement.

2

to prosecute her case can result in sanctions being entered against her, and those sanctions could include the dismissal of her case with prejudice.

However, given Tatum's statement that she has "discovered a new defendant that is relevant to her case," I will not require the parties to confer and file a joint proposed scheduling plan at this time.  If Tatum wishes me to consider a request to join an additional defendant prior to the case management order being entered, she must file a motion for leave to amend her complaint in compliance with Local Rule 4.07 on or before **October 21, 2024**.  If a motion for leave is filed by that date, the Court will enter a new date for the submission of the joint proposed scheduling plan following a ruling on the motion for leave to amend.  If Tatum does not file a motion for leave to amend by that date, then the parties shall file a joint proposed scheduling plan in accordance with this Court's August 19, 2024 Memorandum and Order on or before **November 1, 2024**.  The parties must comply with the Court's prior Orders and Federal Rule of Civil Procedure 26(f) in the creation of the joint proposed scheduling plan, whenever due.

Accordingly,

**IT IS HEREBY ORDERED** that Karen Tatum's motion to withdraw her motion for judgment on the pleadings [59-2] is granted.

**IT IS FURTHER ORDERED** that **the parties are not required to file their joint proposed scheduling plan in accordance with this Court's August 19, 2024, Memorandum and Order on or before October 4, 2024**.

**IT IS FURTHER ORDERED** that any motion for leave to amend the complaint prior to the entry of a case management order must be filed in compliance with Local Rule 4.07 on or before **October 21, 2024**. If no such motion is filed by that date, the parties shall file a joint proposed scheduling plan in accordance with this Court's August 19, 2024 Memorandum and Order on or before **November 1, 2024**. Otherwise, the Court will enter a new deadline for submission of a joint proposed scheduling plan following a ruling on any motion for leave to amend.

**The parties must comply with the Court's prior Orders and Federal Rule of Civil Procedure 26(f) in the creation of the joint proposed scheduling plan, whenever due.**

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of October, 2024.