UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KAREN TATUM,                          )
                                      )
        Plaintiff,                    )
                                      )
    vs.                               )    Case No. 4:23 CV 1219 RWS
                                      )
NORTH AMERICA CENTRAL                 )
SCHOOL BUS LLC,                       )
                                      )
        Defendant.                    )

## MEMORANDUM AND ORDER

This matter is before the Court on a filing submitted in this case by pro se plaintiff Karen Tatum. ECF 61.  In her latest Memorandum for Clerk, Tatum again complains about this Court's previous Orders and makes numerous unsupported assertions about the Clerk's Office and this Court.  These statements are addressed in turn.

First, Tatum claims that she "did not ever tell this court" that "I am against I'm supposed to just talk to attorney and that's my conference.  I will await Court to send me the times and dates I supposed to meet or be here."  ECF 61 at 1. Tatum challenges "whoever wrote this message" to show her "proof of this quote." ECF 61 at 1.  The Court "wrote this message" as it appears in my October 3, 2024 Memorandum and Order.  And as plainly indicated in that Memorandum and Order, those statements are direct quotes from plaintiff's own filing submitted on

October 1, 2024 and filed as ECF 59 at 3. They are <u>not</u> the result of the Clerk's

Office or this Court "talking and communicating with defense counsel only."

Tatum then accuses the Court of granting "numerous" extensions of time to

defendant on an ex parte basis. The Court granted <u>one</u> extension of time to file an

answer which was requested by written motion on July 19, 2024. ECF 32. That

motion contains an appropriate certificate of service indicating that it was served

by mail upon plaintiff. ECF 32 at 3. The Court granted the motion on July 22,

2024. ECF 35. Because the time to file the answer had not yet expired, the

Federal Rules of Civil Procedure permitted the Court to extend the time "with or

**without** motion or **notice** if the court acts, or if a request is made, before the

original time or its extension expired." Fed. R. Civ. P. 6(b)(1)(A) (emphasis

supplied). Thus, there was nothing improper about the Court granting defendant a

routine extension of time to file its answer without waiting to see if Tatum

objected. In fact, the Court has also granted Tatum such an extension of time.

ECF 9. And as defendant was seeking additional time to file its responsive

pleading, not amend it, it did not have to file a "proposed answer," unlike Tatum

who is seeking leave to amend a pleading already filed. Tatum's proposed

amended pleading is required by the Court's local rules.

As for Tatum's assertion that "some clerk put a message out that I requested

or asked them to get me a review appointment," the Clerk's Office merely files

what Tatum submits to the Court.  Tatum claims that "all" she did was send "a letter up to the court for verification purposes only."  Again, Tatum is not permitted to send letters to the Court and she should not be submitting documents in this case "for verification purposes only."  Future filings must be expressly permitted by the Federal or Local Rules of Civil Procedure.  **A Memorandum to Court which does not seek relief but merely complains about prior Orders is not expressly permitted and should not be submitted in this case.**

Tatum's point about not being served with a copy of defendant's proposed scheduling plan (ECF 49) is well-taken, as the document lacks a proper certificate of service demonstrating that it was mailed to Tatum.  **Defendant is reminded that Tatum is a self-represented litigant who does not participate in electronic filing, so anything filed in this case must be served on her by mail and contain a proper certificate of service or it will be stricken from the record.**  Tatum was, however, mailed a copy of this document by the Court.  The Court docket also reflects that Tatum was properly served by defendant with copies of the pro hac vice motions filed by defense counsel in this case.

Tatum claims that she should have been served with a "notice of hearing for pro hac vice so that I may object to this court my reasons."  She also claims that she has a "right" to "remove" the pro hac vice attorneys representing defendant because her case "is personal."  ECF 61.  There was no hearing on the pro hac vice

motions, as no hearing was required.  To the extent Tatum is arguing that she has a right to "choose" defendant's lawyers, she does not.   If plaintiff has valid grounds to disqualify one or more defense attorneys from participation in this case, she may file an appropriate motion in accordance with the Federal Rules of Civil Procedure, but any such motion must meet the requirements of Fed. R. Civ. P. 11 and cannot be based solely on the fact that Tatum does not like or trust defense counsel. However, given that Tatum has indicated a willingness to work with local counsel, I would urge local counsel to do so if practicable given the difficulties already experienced with moving this case forward.

The Court has received Tatum's motion for leave to file her proposed amended complaint.  ECF 63.  Defendant shall file a response to the motion in accordance with the time limits set out in the local rules.  Defendant's response shall also address ECF 62 and 64.  Given that Tatum has sought leave to amend her complaint, the parties are not required to meet and confer or file a joint proposed scheduling plan at this time.  The Court will issue a further Order about the submission of a joint proposed scheduling plan following its ruling on the motion to amend.

Accordingly,

**IT IS HEREBY ORDERED** that defendant shall file its response to the motion for leave to amend complaint (ECF 63) as set forth above.  **<u>Defendant is</u>**

4

**reminded that all future filings must be served upon plaintiff by mail and**

**contain a certificate of service or they will be stricken from the record**.

       **IT IS FURTHER ORDERED** that the parties are not required to submit a

joint proposed scheduling plan at this time.


RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 24th day of October, 2024.

5