UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KAREN TATUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:23 CV 1219 RWS |
| | ) |
| NORTH AMERICA CENTRAL SCHOOL BUS LLC, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on pro se plaintiff Karen Tatum's "motion to strike/dismiss defendant(s) claims regarding plaintiff 2nd amended complaint and get served summons and service." ECF 80. Also before the Court is ECF 79, in which Tatum restates the same complaints made in ECF 80. In these documents, Tatum complains that the Court denied her leave to amend her complaint to bring discrimination claims against individual defendants. Tatum insists that she has a "right" to bring these claims. As has been explained to her, she does not.

Once defendant has answered a complaint, leave to amend may only be granted by consent of the opposing party or the Court. Fed. R. Civ. P. 15(a)(2). Defendant did not object to the amendment in so far as Tatum amended her complaint against it, so the Court granted leave to amend as to defendant North America Central School Bus, LLC. The Court also granted Tatum leave to amend

her complaint to add her union as a defendant given her representation that she obtained a right to sue letter for that defendant. However, no matter how many individuals Tatum may have named in her EEOC charge, under the law she is not entitled to bring these types of discrimination claims against individuals. For this reason, leave to amend as to the individuals was denied as futile. This fact does not change even if the individuals' names appear on the right to sue letter issued by the EEOC.[1]

Nor did the Court grant Tatum leave to amend on October 3, 2024. Instead, the Court merely gave Tatum a deadline by which to file her motion for leave to amend. Tatum met that deadline, defendant filed its response in a timely fashion, Tatum filed her reply in support of her motion for leave to amend, ECF 75, and after due consideration the Court granted in part and denied in part the motion for leave to amend. To the extent these two filings seek reconsideration of the Court's Memorandum and Order dated November 13, 2024, they are denied.

Tatum also takes aim at the Clerk's Office without justification. She harbors a mistaken belief that the written Orders entered in this case were issued by the clerks. *See* ECF 80 (Tatum accuses the Clerk's Office of "doing all the deciding" in this case and "stamping the judge signature" or "giving false statements to our

---

[1] That the individual defendants cannot be sued as defendants does not mean that Tatum cannot include allegations about individuals as part of her discrimination claims against the defendant employer and the union.

2

judge to sign."). They were not. All Orders entered in this case came from me, the presiding judge in this case, not the Clerk's Office. And I do not require hearings before ruling on routine motions such as motions to amend and motions for pro hac vice. There is no right to a hearing on any such motion, and Tatum's continued insistence to the contrary is wrong. I, and I alone, am making the decisions in this case, and Tatum's scurrilous accusations to the contrary are without any basis in fact. All of my Orders, whether issued in a written opinion such as this one or orally from the bench during a hearing, are equally binding. Tatum remains obligated to comply with all written Orders, whether or not accompanied by a hearing.

Tatum also accuses the Clerk's Office of "complaining about her" instead of giving her an attorney, which she insists will resolve the "confusion." ECF 80. The Clerk's Office has nothing to do with whether Tatum is appointed counsel. The decision to deny counsel was made by me. And implying that she will continue to file frivolous pleadings out of "confusion" until she gets an attorney is an improper litigation tactic and does not persuade me to appoint an attorney to represent her in this matter, as I cannot appoint counsel simply to shift the burden of managing her obstreperous behavior from the Court onto counsel. I continue to believe that appointment of counsel in this case is not warranted, and Tatum is not going to convince me otherwise by continuing to file frivolous motions and make

3

unfounded accusations about the Court. Tatum must cease impugning the integrity of the Clerk's Office simply because she does not get the relief she seeks from me. Tatum must also stop filing frivolous pleadings with the Court.

As for Tatum's continued insistence that I send this case to ADR now -- before the newly-joined defendant has even been served in this case -- I have already explained that is not appropriate and that I will consider referral to mediation, and the appointment of a pro bono neutral, at the appropriate time. But this case will never get to that stage if Tatum continues to file countless, meritless motions which only obfuscate and delay.

Tatum's motion to revoke pro hac vice admission is denied, as Tatum has failed to present any basis for relief. Although Tatum has complained vociferously about not being allowed to object to defense counsel's pro hac vice applications, such motions are routinely ruled upon receipt (and certainly without a hearing) as part of the Court's administrative duties. Defense counsel met all requirements for pro hac vice admission to this Court, and Tatum has presented no legitimate basis for disqualification of defense counsel in this case. Despite Tatum's strident objections, defendant does not need Tatum's permission to be represented by attorneys from Chicago if it so chooses. Her personal dislike of counsel is not a sufficient basis to disqualify counsel.

Finally, Tatum's motion to withdraw a right to sue letter is denied as moot, as all of the right to sue letters provided to the Court by Tatum are part of the Court file.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to withdraw right to sue letter [62] is denied as moot.

**IT IS FURTHER ORDERED** that plaintiff's motion to revoke pro hac vice admission [66] and motion to strike/dismiss [80] are denied.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of November, 2024.