UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KAREN TATUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:23 CV 1219 RWS |
| ) | |
| NORTH AMERICA CENTRAL ) | |
| SCHOOL BUS LLC, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on pro se plaintiff Karen Tatum's "motion for leave to set aside this case." ECF 89. Although less than clear, it appears that Tatum is seeking to stay this case for an unspecified length of time because she is out of town. The motion for stay is denied, given that this case is over one year old and no case management order has yet been entered due to Tatum's protracted refusal to participate in the preparation of a proposed scheduling plan and her practice of continually filing meritless motions and requests for reconsideration.

Because of the procedural posture of this case, no stay of proceedings is necessary as discovery is not even authorized at this point in the case. The United States Marshal's Service has yet to return service on the newly-joined defendant

LIUNA,[1] and LIUNA will have the opportunity to file a responsive pleading in accordance with the time limitations set forth in the Federal Rules of Civil Procedure once service has been achieved.  No motions are pending in this case (other than the current one, filed by Tatum).  Although plaintiff cites her interlocutory appeal as a reason to stay, that appeal has already been dismissed for lack of jurisdiction.  ECF 87.  Plaintiff also threatens to file yet another appeal of the denial of her motion to revoke pro hac vice status.  Even if true, such an action would not warrant of stay of this case.  Plaintiff need only to stop filing motions to get a "stay" of this case.

    Plaintiff's demand for "copies of all filings" is likewise denied.  Although plaintiff has been granted IFP status, she is not entitled to multiple free copies of documents, particularly when most of the 89 docket entries are created by her.  As plaintiff has already received a copy of all documents in this case, the request is denied as to all filings but denied without prejudice to a showing of particularized need for a filing identified by docket number.

    Finally, to the extent that Tatum's statement that she "does not have to work on a bias proposal.  I can work with other attorneys of record in St. Louis" is construed as her latest pronouncement that she will continue to refuse to participate

---

[1] Despite her continued insistence otherwise, Rek Woods is <u>not</u> a defendant in this case and for that reason the USMS has not been directed to obtain service on this individual.

in a Rule 26 scheduling conference with defense counsel from Chicago, the Court can only say that no such conference has been ordered at this time.  However, it bears repeating that Tatum does not have the right to choose defendant's counsel. Therefore, Tatum will be expected to communicate with defense counsel -- including those in Chicago -- in connection with the prosecution of this action, and her continued refusal to do so may subject her to sanctions, which could include the dismissal of this case with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to request to set aside this case [89] is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion for copies of all filings [89-1] is denied as to a request for all filings, but denied without prejudice to a showing of particularized need for a filing identified by docket number.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of December, 2024.