UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KAREN TATUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:23 CV 1219 RWS |
| ) | |
| ILLINOIS CENTRAL SCHOOL BUS ) | |
| LLC a/k/a NORTH AMERICA ) | |
| CENTRAL SCHOOL BUS LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Karen Tatum's filing dated February 3, 2025. ECF 137. To the extent plaintiff seeks an extension of time to file an opposition to defendant's motion to dismiss [ECF 131, 132] and seek counsel, the motion is granted. Plaintiff shall file any memorandum in opposition to defendant's motion to dismiss [ECF 131, 132] by no later than March 7, 2025, unless counsel enters an appearance on her behalf and requests additional time by that date. However, any opposition to the motion to dismiss shall include as exhibits the complete charge of discrimination plaintiff alleges she filed against the defendant union, together with a complete copy of the right to sue letter issued on the charge demonstrating that the union was a charged party. Although plaintiff complains this issue "was settled," it was not. Plaintiff was granted leave to amend her complaint

based on her assertion that she received a right-to-sue letter for her claims against the union. The union, however, insists that it was never named as a charged party in any charge of discrimination filed by plaintiff. Therefore, plaintiff must produce the charge of discrimination demonstrating that she filed a charge of discrimination against the union, together with a right-to-sue letter as to that charge.

Plaintiff's statement that her motion to revoke pro hac vice applications was not ruled upon is incorrect. Both it and the second motion to revoke pro hac vice applications were denied. ECF 84, 86. To the extent plaintiff complains again because no discovery has taken place in this case and the Court has not considered whether to refer the case to alternative dispute resolution, the answer remains the same – these issues are premature because there has been no scheduling conference, and there will be no scheduling conference until the Court rules on the pending motion to dismiss. Therefore, if plaintiff wishes to conduct discovery and explore the possibility of mediating this case, she needs to file her opposition to the pending motion to dismiss by the deadline set forth above.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's filing dated February 3, 2025 [137] is granted only to the following extent: the request for an extension of time to file an opposition to defendant's motion to dismiss and seek counsel is granted, and plaintiff shall file any memorandum in opposition to defendant's motion to dismiss

2

[131, 132] by no later than March 7, 2025, unless counsel enters an appearance on her behalf and requests additional time by that date. As previously stated, any opposition to the motion to dismiss shall include as exhibits the complete charge of discrimination plaintiff alleges she filed against the defendant union, together with a complete copy of the right to sue letter issued on the charge demonstrating that the union was a charged party. Plaintiff's failure to timely respond to the motion to dismiss as ordered will result in the motion being granted without further notice by the Court. Any other relief sought in ECF 137 is denied.

    **IT IS FURTHER ORDERED** that defendant's motion to clarify [118] is granted without opposition, and the Clerk of the Court shall amend the caption of the docket sheet to reflect that defendant's name is "Illinois Central School Bus, LLC d/b/a North America Central School Bus, LLC d/b/a Missouri Central School Bus, LLC."

_____<br>
RODNEY W. SIPPEL<br>
UNITED STATES DISTRICT JUDGE

Dated this 4th day of February, 2025.

3