UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KAREN TATUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:23 CV 1219 RWS |
| ) | |
| ILLINOIS CENTRAL SCHOOL BUS ) | |
| LLC d/b/a NORTH AMERICA ) | |
| CENTRAL SCHOOL BUS LLC, d/b/a ) | |
| MISSOURI CENTRAL SCHOOL BUS, ) | |
| LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the latest round of motions filed by plaintiff Karen Tatum. ECF 144-48. To the extent plaintiff seeks an extension of time to file an opposition to defendant's motion to dismiss and seek counsel [145, 146, 147], the motions are denied as moot because the Court has already granted plaintiff an extension of time, up to and including March 7, 2025, to respond to the motion to dismiss and seek counsel. ECF 143. The motion for pro bono neutral [144] is again denied without prejudice as prematurely filed as this case is not set for Rule 16 conference yet, and it will not be set for a scheduling conference until the union's motion to dismiss is ruled by the Court.  It is for this same reason that no discovery

has yet been permitted. *See* Fed. R. Civ. P. 26(d) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f).")

Turning to the pending motion to dismiss, plaintiff's insistence that she already filed the Charge of Discrimination as to the defendant union is mistaken. The only Charge of Discrimination filed by plaintiff appears in the record as ECF 1-5 and it names only the North American Central School Bus LLC and the Illinois Central School Bus LLC companies (which are actually the same defendant) as the charged party. Therefore, it remains that plaintiff's opposition to the motion to dismiss must still include as exhibits the complete Charge of Discrimination plaintiff alleges she filed against the defendant union, together with a complete copy of the right to sue letter issued on the charge demonstrating that the union was a charged party. And of course it should also address the union's other arguments respecting plaintiff's claims regarding an alleged breach of the duty of fair representation.

Plaintiff's motion entitled "motion for injunction relief" [148] is denied, as plaintiff has failed to set forth any basis for granting injunctive relief in this case. To the extent that plaintiff requests this case be "paused/set aside," the motion is denied as plaintiff has already been granted an extension of time to seek counsel and respond to the motion to dismiss and no stay of proceedings is required as there is currently no discovery schedule in place.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions for extension of time to respond to the motion to dismiss and obtain counsel [145, 146, 147] are denied as moot.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of pro bono neutral [144] is denied without prejudice as prematurely filed.

**IT IS FURTHER ORDERED** that plaintiff's motion for injunction relief [148] is denied.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 10th day of February, 2025.