UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KAREN TATUM,               )<br>                                              )<br>    Plaintiff,                          )<br>                                              )<br>    vs.                                    )<br>                                              )<br>ILLINOIS CENTRAL SCHOOL BUS )<br>LLC d/b/a NORTH AMERICA  )<br>CENTRAL SCHOOL BUS LLC, d/b/a )<br>MISSOURI CENTRAL SCHOOL BUS, )<br>LLC, et al.,                             )<br>                                              )<br>    Defendants.                       )  | Case No. 4:23 CV 1219 RWS |

## MEMORANDUM AND ORDER

This matter is before the Court on the unopposed motion to dismiss filed by defendant Laborers' International Union of North America, Local 773 (Union).[1] Plaintiff was granted leave to amend her complaint in this employment discrimination case to add the Union as a defendant because she represented to the Court that she had filed a Charge of Discrimination against, and obtained a right-to-sue letter for, the Union. ECF 77. Plaintiff had previously been instructed that if she were attempting to sue the Union "under Title VII, the ADA, or the ADEA, she

---

[1] Plaintiff, a self-represented litigant, was granted a substantial extension of time to respond to the Union's motion to dismiss. ECF 143. Despite the extension of time, plaintiff failed to file an opposition to the motion to dismiss, and her time for doing so has now expired. Plaintiff was warned that her failure to timely respond would result in the Court's consideration of the motion without further notice. *Id.*

would have had to first filed a Charge of Discrimination against the union (not just the North American Central School Bus, LLC) at the EEOC, and then obtained a Right to Sue." ECF 5 at 10 n.3.

To the extent the Second Amended Complaint brings employment discrimination claims against the Union,[2] it now moves to dismiss them[3] for plaintiff's failure to exhaust administrative remedies.  The Union maintains that plaintiff has not, in fact, named it as a charged party in a Charge of Discrimination filed with the EEOC or obtained a Right to Sue letter as to any such Charge.  The Union's unopposed motion is well-taken.  The only Charge of Discrimination provided by plaintiff appears in the record as ECF 1-5 and names only the North American Central School Bus LLC and the Illinois Central School Bus LLC companies (which are actually the same defendant) as the charged party.  Plaintiff was previously instructed that this Charge of Discrimination was insufficient to bring discrimination claims against the Union. ECF 5 at 10 n.3.  Plaintiff was further

---

[2] Plaintiff's Second Amended Complaint alleges failure to accommodate, retaliation and discrimination in violation of the Americans with Disabilities Act (ADA) (Counts I, II, and VI), age discrimination in violation of the Age Discrimination in Employment Act (ADEA) (Count III), and a "hostile work environment" under the ADA and ADEA. (Count V). ECF 78.  The Counts are alleged against defendants, but the allegations (except for one allegation in Count V) relate solely to actions taken by defendant's employer, not the Union.  In Count V, plaintiff alleges that defendants conspired to dismiss her grievances. *Id.* at 35.   Count IV alleges a breach of the collective bargaining agreement by the Union. *Id.* at 29.

[3] The Union cites Federal Rules of Civil Procedure 12(b)(1) and (6) in its motion, but failure to exhaust an administrative remedy does not deprive the Court of subject matter jurisdiction.  This motion is decided under Fed. R. Civ. P. (b)(6) only.

2

instructed that to avoid dismissal she must "include as exhibits the complete charge of discrimination plaintiff alleges she filed against the defendant union, together with a complete copy of the right to sue letter issued on the charge demonstrating that the union was a charged party." ECF 143. Plaintiff has failed to provide such information despite repeated notice and ample opportunity to do so. *Id.*

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." To meet this standard and to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010). Ordinarily, only the facts alleged in the complaint are considered for purposes of a motion to dismiss; however, materials attached to the complaint may

also be considered in construing its sufficiency. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff." *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010). However, if a claim fails to allege one of the elements necessary to recover on a legal theory, the Court must dismiss that claim for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678; *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Although courts must accept all factual allegations as true, they are not bound to take as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted); *Iqbal*, 556 U.S. at 677–78.

The anti-discrimination statutes cited in plaintiff's second amended complaint require a plaintiff to timely file a charge of discrimination with the EEOC before filing suit in federal court. *See* 42 U.S.C. § 12117(a) (ADA); Section 2000e-5(e)(1) (Title VII); 29 U.S.C. § 626(d)(1)(A) (ADEA). "The purpose of filing a charge with the EEOC is to provide the Commission an opportunity to investigate and attempt a resolution of the controversy through conciliation before permitting the aggrieved party to pursue a lawsuit." *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1988)

(citations omitted). Thus, "as a general rule, a complainant must file a charge against a party with the EEOC before she can sue that party." *Sedlacek v. Hach*, 752 F.2d 333, 336 (8th Cir. 1985); *see also Voss v. Hous. Auth. of the City of Magnolia, Arkansas*, 917 F.3d 618, 623 (8th Cir. 2019) ("The ADA requires a plaintiff to file a complaint with the EEOC before filing a suit in federal court."); *Moses v. Dassault Falcon Jet-Wilmington Corp.*, 894 F.3d 911, 919 (8th Cir. 2018) ("To assert an ADA or ADEA claim, plaintiff must have first exhausted administrative remedies by filing a charge of discrimination with the EEOC.") (cleaned up).

As plaintiff has failed to provide any evidence that she actually filed a Charge of Discrimination against the Union and received a Right to Sue Letter thereon, the motion to dismiss discrimination claims brought against the Union for failure to exhaust administrative remedies is granted.[4]  Counts I-III, V and VI of the second amended complaint, to the extent they assert discrimination claims against the Union for violations of the ADA, ADEA, and/or Title VII, are dismissed.

In Count IV plaintiff brings a claim against defendants entitled "Breach of the Collective Bargaining Agreement with [the Union]."  Plaintiff alleges that the Union

---

[4] Although a plaintiff may bring suit against a party not named in the EEOC charge if "the unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance," *Boyd v. BJC Health System*, 2018 WL 620484, at *5 (E.D. Mo. Jan. 29, 2018) (cleaned up), no such argument has been made by plaintiff in this case.

5

failed to adequately address her grievances and breached its duty of fair representation by failing to advocate on her behalf.  ECF 78 at 31.

The Union argues that plaintiff's claim asserted against it in Count IV must be dismissed because it was not filed within six months of the alleged breach of the duty of fair representation. The second amended complaint alleges that the breach occurred when the Union failed to obtain a "favorable outcome" for her.  The applicable statute of limitations for a Section 301 claim is the six month limitation period found in Section 10(b) of the National Labor Relations Act.  *DelCostello v. Int'l Broth. Of Teamsters,* 462 U.S. 151 (1983).  Although plaintiff's second amended complaint is devoid of facts explaining how the Union breached its duty of fair representation, her claim against the Union accrued at the *very* latest March 27, 2023, when she was "laid off indefinitely."  ECF 78 at 14.  At least on that date, if not much earlier, the Union's alleged breach of duty should have been apparent. Plaintiff knew of the alleged breach of the duty after the grievance process, since she claims the Union failed to adequately pursue her complaints through that process. Yet plaintiff's second amended complaint alleging the Union's breach of the duty to fairly represent her was not filed until November 13, 2024, nearly seventeen months later.  These claims are clearly time-barred.

Nor does any "relation back" argument under Federal Rule of Civil Procedure 15 render plaintiff's claims against the Union timely.  Although plaintiff named the

6

Union in the caption of the original complaint filed on September 27, 2023, she was ordered to amend her complaint due to the numerous pleading deficiencies identified by the Court in its December 19, 2023 Memorandum and Order.  ECF 4.  As explained above, one of those deficiencies involved plaintiff's attempt to assert claims against the union.  ECF 5 at 10 n.3.  Plaintiff was specifically warned that the amended complaint would replace the original complaint and render it without legal effect.  *Id.*  She was also instructed to name each person she intended to sue and to set forth a short and plain statement of her claim as to each defendant.  *Id.* at 11.

After receipt of the Court's instructions, plaintiff submitted an amended complaint on January 30, 2024, which superseded her original complaint and did not name the Union as a defendant.  ECF 19, 24.  For that reason, the Court ordered the Union stricken from the docket sheet as a defendant.  ECF 24 at 9.  Plaintiff did not seek to bring claims against the Union again until the filing of the second amended complaint in November of 2024.  Under these circumstances, there can be no tolling of the statute of limitations as to plaintiff's claims against the Union, and there is no relation back to the operative complaint, which here is the amended, rather than the original, complaint.

Based on the foregoing, plaintiff's claim against the Union for breach of the duty of fair representation as alleged in Count IV of the second amended complaint is time barred and must be dismissed.  *See Rogers v. Amalgamated Transit Union*

7

*Local 788*, Case No. 4:08CV1649 HEA, 2009 WL 2757049, at *2 (E.D. Mo. Aug. 26, 2009).

Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss [131] is granted, and plaintiff's claims asserted against defendant Laborers' International Union of North America, Local 773 are dismissed with prejudice.

                                *[signature]*
                                RODNEY W. SIPPEL
                                UNITED STATES DISTRICT JUDGE

Dated this 24th day of March, 2025.