UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KAREN TATUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:23 CV 1219 RWS |
| ) | |
| ILLINOIS CENTRAL SCHOOL BUS ) | |
| LLC d/b/a NORTH AMERICA ) | |
| CENTRAL SCHOOL BUS LLC, d/b/a ) | |
| MISSOURI CENTRAL SCHOOL BUS, ) | |
| LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER OF DISMISSAL**

On April 28, 2025, the Court entered a Memorandum and Order to Show Cause [ECF 169] directing plaintiff to show cause why her case should not be dismissed with prejudice for her failure to prosecute this case and participate in the creation of the joint proposed scheduling plan required by this Court's March 24, 2025 Order Setting Rule 16 Conference [ECF 165] and the Federal Rules of Civil Procedure.

The March 24, 2025, Order Setting Rule 16 Conference requires the parties to meet and discuss proposed scheduling dates for the completion of this case. ECF 165. Although the Order refers to "counsel" throughout, the last paragraph of the Order, entitled "Pro Se Parties," states that "if any party appears in this action pro

se, such party shall meet with all other parties or counsel, participate in the preparation and filing of a joint proposed scheduling plan, and appear for the scheduling conference, all in the same manner as otherwise required by this order." ECF 165 at 6.  Thus, the March 24, 2025, Order Setting Rule 16 Conference gave plaintiff specific notice of her obligations to meet with opposing counsel and participate in the preparation of a joint proposed scheduling order.  As demonstrated by defendant's filing on April 24, 2025 [ECF 168], plaintiff did not comply with her obligations under the March 24, 2025, Order Setting Rule 16 conference because she failed and refused to respond to defendant after two letters were sent to plaintiff attempting to discuss the joint proposed scheduling plan.[1]

As set out in the Court's April 28, 2025, Memorandum and Order to Show Cause [ECF 169], plaintiff's current refusal to participate in the preparation of the joint proposed scheduling plan was not the first time in this case that plaintiff has failed and refused to communicate with defendant or participate in the preparation of the joint proposed scheduling plan.  The parties were first ordered to submit a joint proposed scheduling plan on August 19, 2024.  ECF 43.  That Memorandum and Order set forth the parties' obligations with respect to the preparation and submission of a joint proposed scheduling plan in language nearly identical to the

---

[1] Plaintiff has refused to communicate with defendant by phone or email throughout this case, obligating defendant to send letters to plaintiff.  *See* ECF 60.

2

March 24, 2025 Order Setting Rule 16 Conference.  ECF 43.  Defendant again submitted its own proposed scheduling plan because plaintiff failed and refused to participate in the creation of a joint plan.  ECF 49.  In a Memorandum and Order dated September 25, 2024, the Court explained to plaintiff that she was required to meet with defense counsel without Court intervention to prepare a joint proposed scheduling plan consistent with Fed. R. Civ. P. 16 and 26(f).  ECF 55.  And again in a Memorandum and Order dated October 3, 2024, the Court instructed plaintiff of her obligations under Fed. R. Civ. P. 26(f) to confer with defense counsel about the joint proposed scheduling plan because plaintiff insisted that she would not talk to defense counsel absent Court involvement.[2]  ECF 60.  Thus plaintiff is well aware of her obligations as a pro se plaintiff with respect to participating in the creation of a joint proposed scheduling plan.

It was for these reasons that the Court entered the April 28, 2025 Memorandum and Order to Show Cause requiring plaintiff to show cause why her case should not be dismissed with prejudice.  ECF 169.  The April 28, 2025, Memorandum and Order to Show Cause required plaintiff to submit her response to the Court on or before May 9, 2025, and specifically warned her that failure to file a timely response would result in the dismissal of her case without further notice by

---

[2] The Court eventually vacated the parties' obligation to submit a joint proposed scheduling plan because plaintiff amended her complaint.  ECF 60, 77.

the Court.  ECF 169.  In a last-ditch attempt to get a scheduling plan from plaintiff, the Court's April 28, 2025, Memorandum and Order to Show Cause also required plaintiff to indicate whether she agreed with defendant's proposed scheduling plan and, if not, to provide alternative dates for a scheduling plan.  ECF 169.

Despite the Court's warning about the possible dismissal of her case, plaintiff has not filed anything in response to April 28, 2025, Memorandum and Order to Show Cause, and her time for doing so has expired.

After due consideration of the circumstances of this case, the Court must dismiss plaintiff's case with prejudice for her failure to comply with the March 24, 2025, Order Setting Rule 16 Conference, her failure to respond to the April 28, 2025 Memorandum and Order to Show Cause, and her failure to prosecute this case. Despite her pro se status it remains plaintiff's obligation to prosecute her case, and her continued refusal to meet the basic obligations imposed upon her by the Federal Rules of Civil Procedure and to comply with this Court's Orders dated March 24, 2025 [ECF 165] and April 28, 2025 Memorandum and Order to Show Cause [ECF 169] without explanation or justification warrants dismissal of this case.

Accordingly,

**IT IS HEREBY ORDERED** that **this case is dismissed with prejudice for plaintiff's failure to comply with the March 24, 2025 Order Setting Rule 16**

4

**Conference [165] and the April 28, 2025 Memorandum and Order to Show Cause [169] and her failure to prosecute this case.**

                                                                               */s/ Rodney W. Sippel*
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 16th day of May, 2025.