UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KAREN TATUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:23 CV 1219 RWS |
| ) | |
| ILLINOIS CENTRAL SCHOOL BUS ) | |
| LLC d/b/a NORTH AMERICA ) | |
| CENTRAL SCHOOL BUS LLC, d/b/a ) | |
| MISSOURI CENTRAL SCHOOL BUS, ) | |
| LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court in this closed case on plaintiff's motion for an extension of time to respond to the Court's April 28, 2025, Memorandum and Order to Show Cause [ECF 169]. ECF 172. This case was dismissed on May 16, 2025, after plaintiff failed to respond to the April 28, 2025, Memorandum and Order to Show Cause. ECF 170, 171. Although the Court's April 28, 2025 Memorandum and Order to Show Cause directed plaintiff to respond by May 9, 2025, the Court waited an additional week before actually dismissing her case in the event plaintiff filed an untimely response. She did not. Plaintiff's untimely request for additional time to respond to the April 28, 2025 Memorandum and Order to Show Cause is denied because this case has already been dismissed.

To the extent this Court construes plaintiff's pro se motion for extension of time liberally as one seeking relief from judgment under Federal Rule of Civil Procedure 59(e), it is denied. "Motions under Rule 59(e) serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018) (cleaned up). Such motions "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to the entry of judgment." *Id.* (cleaned up). The district court has "considerable discretion to deny a post-judgment motion for leave to amend because such motions are disfavored." *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 824 (2009) (cleaned up).

Plaintiff's explanation for failing to respond to the April 28, 2025, Memorandum and Order to Show Cause is not sufficient to alter or amend the judgment. Rather her motion is consistent with her demonstrated pattern of ignoring the Federal Rules of Civil Procedure and this Court's Orders in this case.[1] Plaintiff

---

[1] The Court's May 16, 2025, Memorandum and Order of Dismissal details plaintiff's repeated refusals to participate in the creation of a joint proposed scheduling plan as first ordered back in August 19, 2024. *See* ECF 170. Plaintiff's refusal to participate in the creation of a joint proposed scheduling plan is but one instance of plaintiff's obstreperous conduct which frustrated rather than advanced the progression of this case.

For example, plaintiff also repeatedly ignored the Court's instructions about submitting blocks of discovery documents as exhibits in the case. ECF 15, 24, 48, 55. She repeatedly insisted that she had a right to file a reply to defendant's answer. ECF 43, 48, 55, 102. She also demanded, time and again, that the Court refer her case to alternative dispute resolution with a pro bono neutral before the scheduling conference had taken place despite the Court's explicit rulings that the motions were premature and would be considered if the case ever made it to a scheduling conference. ECF 55, 73, 154. Plaintiff then began insisting that she had the right to choose who

asserts that she "had a prior engagement out of town for begin May" and did not receive her mail from her post office box because she "had a note from box to pick up hold mail this is out of my hands." ECF 172. It remains plaintiff's responsibility to prosecute her case even while out of town. Additionally, plaintiff admits that she received the April 28, 2025, Memorandum and Order to Show Cause in the mail because "she sent someone to check my box who read a mail about show cause." ECF 172 at 2. Plaintiff had notice of the April 28, 2025 Memorandum and Order to Show Cause and what was required of her to avoid dismissal of her case.

More importantly, plaintiff had ample notice of the March 24, 2025, Order Setting Rule 16 Conference[2] which required her to meet and discuss proposed scheduling dates for the completion of this case. ECF 165. Although plaintiff claims

---

appeared as counsel for defendant. ECF 84, 86, 90. Plaintiff started filing notices of interlocutory appeal whenever the Court issued a ruling she did not like. Plaintiff filed at least thirteen notices of interlocutory appeal. ECF 81, 94, 95, 96, 98, 110, 111, 115, 138, 139, 140, 141, 149. All interlocutory appeals appear to have been dismissed for lack of jurisdiction.

The Court granted plaintiff extensions of time to fulfill her obligations to this Court, including an extension of time to amend her complaint, ECF 60, and a substantial extension of time to respond to the union's motion to dismiss. ECF 143. Plaintiff never responded to the union's motion to dismiss or produced a charge of discrimination or a right-to-sue letter issued on a discrimination claim against the union as required, despite her express representation that she obtained a right to sue the union. *See* ECF 77. The Court eventually granted the union's motion to dismiss as unopposed. ECF 164.

[2] As set out in detail in the May 16, 2025, Memorandum and Order of Dismissal, this was the second case management order issued in this case. The first was issued on August 19, 2024. ECF 43. The first scheduling conference was eventually canceled after plaintiff repeatedly refused to participate in the creation of a joint proposed scheduling plan and then sought leave to amend. *See* ECF 170.

3

that "defendant has not contact me a proposed schedule plan," the March 24, 2025, Order Setting Rule 16 Conference states that "it will be the responsibility of counsel for the plaintiff to actually submit the joint proposed scheduling plan to the Court." ECF 165.  Although the March 24, 2025 Order Setting Rule 16 Conference refers to "counsel" throughout, the last paragraph of the Order, entitled "Pro Se Parties," states that "if any party appears in this action pro se, such party shall meet with all other parties or counsel, participate in the preparation and filing of a joint proposed scheduling plan, and appear for the scheduling conference, all in the same manner as otherwise required by this order."  ECF 165 at 6.

As a result, the March 24, 2025, Order Setting Rule 16 Conference gave plaintiff specific notice of her obligations to meet with opposing counsel and participate in the preparation of a joint proposed scheduling order.  That plaintiff previously sent a proposed scheduling plan to defense counsel[3] when the parties were first ordered to submit a joint proposed scheduling plan on August 19, 2024, does not obviate her responsibilities to meet and confer with counsel about a proposed schedule in accordance with the March 24, 2025, Order Setting Rule 16 Conference, particularly given that the Court eventually vacated the parties' obligation to submit a joint proposed scheduling plan under the August 19, 2024

---

[3] Plaintiff refers to the proposed scheduling plan she previously sent to Onalee Yousey, who has not been defense counsel of record since February 18, 2025.  ECF 158, 159.

4

Memorandum and Order because plaintiff amended her complaint. ECF 60, 77. Plaintiff knew what she was required to do to prosecute her case from the March 24, 2025 Order Setting Rule 16 Conference, but did not fulfill any of those obligations before leaving for her "prior engagement out of town."

Finally, plaintiff's explanation that she "had a prior engagement out of town for begin May" and has therefore been out of town — apparently in Mississippi according to the notary seal affixed to her motion for extension of time -- for the month of May is not sufficient to set aside the judgment because this case was set for an in-person Rule 16 conference before the undersigned on May 15, 2025. ECF 167. That in-person hearing was set on April 8, 2025. ECF 167. Despite this, plaintiff was, according to her own admission, out of the state on the date that she was to appear for an in-person Rule 16 conference in this Court. Plaintiff never sought to continue the Rule 16 conference because of her "prior engagement out of town," nor did she seek leave to participate in the Rule 16 scheduling conference through some other manner (such as by phone or videoconference).[4]  As a result, plaintiff's motion to set aside judgment is further evidence of plaintiff's non-compliance with the Orders of this Court and her willful and intentional refusal to

---

[4] The Court was forced to cancel the May 15, 2025, hearing in its April 28, 2025 Memorandum and Order to Show Cause because plaintiff did not participate in the formulation of a scheduling plan.

5

prosecute her case. Her vague references to the tornado which hit the region on May 16, 2025, do not provide a sufficient basis to set aside the judgment given that plaintiff makes no claim that she was unable to comply with either the March 24, 2025 Order Setting Rule 16 Conference or the April 28, 2025, Memorandum and Order to Show Cause due to the weather event.[5]

As plaintiff has set forth no adequate basis to alter or amend the judgment dated May 16, 2025, her motion is denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for extension of time [172], construed as a motion to alter or amend the judgment, is denied.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 30th day of May, 2025.

---

[5] Plaintiff does not claim that she was personally impacted by the storm, and her response to the April 28, 2025, Memorandum and Order to Show Cause was due on May 9, 2025, one week before the storm hit.